IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER HOBDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:15cv159-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

**I.  INTRODUCTION**

Jennifer Hobdy ("Plaintiff") filed an application for Disabled Widow's Benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*, on May 12, 2012. Her application was denied at the initial administrative level on July 30, 2012. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding that although Plaintiff met the non-disability requirements for Disabled Widow's Benefits, she had not been under a disability as defined in the Social Security Act, from May 18, 2010, through the date for her decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986). Plaintiff appealed the ALJ's decision to the Appeals Council and her request for review was denied in a letter dated January 8, 2015. The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

In order to receive Disabled Widow's Benefits, a claimant must satisfy certain non-disability and disability requirements. These requirements include, among other things, that she is between 50 and 60 years old, that she is the widow of a wage earner who died fully insured, and that she has physical or mental impairments that result in disability as defined in § 404.1505[2]. *See* 20 C.F.R. § 404.335. When determining if a claimant meets the disability requirements, a court will consider a claimant disabled when she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

---

[2] Because the finding that Plaintiff met the non-disability requirements is not in dispute, the court will not provide a full recitation of the standard set forth in 20 C.F.R. §404.335(c).

42 U.S.C. § 423(d)(1)(A).[3]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on a claimant through Step Four.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of a qualifying disability once they have carried the burden of proof from Step One through Step Four.  At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can

---

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[4]  *McDaniel* is a supplemental security income (SSI) case.  The same sequence applies to disability insurance benefits.  Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[5] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a

---

[5] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Prior to the ALJ hearing, it was determined that Plaintiff met the non-disability requirements to receive Disabled Widow's Benefits. Because that finding is not in dispute, the court will not address that finding. With regards to the disability requirements needed to obtain Disabled Widow's Benefits, the ALJ determined that Plaintiff's impairments did not meet the threshold for disability status. Plaintiff has exhausted all of her administrative remedies, and appeals that decision before this court.

At the time of the ALJ hearing, Plaintiff was fifty-one years old. Tr. at 52. She testified that she has a high school education and has not held a job since 1993. *Id*. at 54.

Plaintiff stated that she suffers from pain in her neck, mid back, lower back, left arm and left breast. *Id.* at 54, 56, 61. She also testified that she was diagnosed with breast cancer in January of 2013 that is now in remission. *Id.* at 55, 56. She further indicated that she experiences swelling in her legs and hands, and that she can walk for about five to ten minutes before she experiences pain in her back and swelling in her legs. *Id.* at 56, 58. Plaintiff testified that she takes Motrin as needed for her back pain, and that she sometimes reclines and uses hot towels to relieve her pain. *Id.* at 55. Despite pain on her left side, Plaintiff stated that she can lift small amounts. *Id.* at 56, 58. When asked about her activities, Plaintiff testified that she can perform household chores, drive, go to church, and care for herself unaided. *Id.* at 59. Plaintiff stated that she has "bad days" approximately once a week, during which she can only "lay around." *Id.* at 61.

After hearing from Plaintiff, the ALJ solicited testimony from a Vocational Expert ("VE"). The ALJ posed a hypothetical to the VE assuming an individual with no prior work and with the following limitations: lifting and carrying no more than 20 pounds occasionally and 10 pounds frequently; walking no more than 30 minutes at a time and no more than six hours in an eight hour workday; unrestricted standing and sitting, with usual breaks; no overhead reaching with the non-dominant, left arm; and occasionally restricting reaching, pushing, and pulling with the non-dominant, left arm. *Id.* at 62. The VE testified that there were occupations that such an individual could perform. *Id.* When asked by the ALJ to restrict such occupations to "light duty jobs," the VE testified

6

that some examples of jobs that would fit those limitations were bakery worker, counter clerk, and outside deliverer, and that those jobs were available in the national economy. *Id*. at 63.

Employing the five-step process, the ALJ found the following:  At Step One, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since May 18, 2010, the alleged onset date[.]"  *Id*. at 34.  At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: hypertension, diabetes mellitus, a history of carcinoma of the breast with edema, low back pain, obesity, and myalgias. *Id*.  At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment.  *Id*. at 38.  Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he [Plaintiff] has the residual functional capacity to perform light work… except the [Plaintiff] is limited to walking for no more than 30 minutes at a time for no more than six hours in an eight-hour workday, [Plaintiff] is unable to perform overhead reaching with the left, non-dominant arm, and her ability to perform other reaching and pushing and pulling with the left, non-dominant arm is limited to occasionally. Additionally, the [Plaintiff] can occasionally climb ramps and stairs but she can never climb ladders, ropes, or scaffolds, she can occasionally bend, stoop, and crouch, she can never kneel and crawl, and she can never work at unprotected heights, or working around dangerous equipment.

*Id*. at 39.  At Step Four, the ALJ noted that Plaintiff had no past relevant work experience.  *Id*. at 43.  Finally, at Step Five, the ALJ determined – based upon Plaintiff's RFC, age, education, work experience, and the testimony of the VE – that Plaintiff could perform work in the national economy.  *Id*.  The ALJ identified several representative

7

occupations at the unskilled light occupational base with additional limitations that Plaintiff could perform, including "Bakery Worker," "Counter Clerk," and "Outside Deliverer." *Id*. at 44.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from May 18, 2010, through the date of this decision[.]" *Id.*

## IV.  PLAINTIFF'S CLAIM

Plaintiff argues that the Commissioner's decision should be reversed for two reasons: (1) the ALJ failed to properly develop the record; and (2) the ALJ failed to properly apply the pain standard.  Pl.'s Br. (Doc. 12) at 5.  For the following reasons, Plaintiff's arguments for reversal of the Commissioner's decision are without merit.  The Commissioner's decision will be affirmed.

## V.  DISCUSSION

### I.  The ALJ Properly Developed the Record

Plaintiff argues that the Commissioner's decision should be reversed because the ALJ failed to properly develop the record.  *Id.*  As support for this argument, Plaintiff asserts that: (i) the ALJ's RFC assessment was "not supported by substantial evidence"; and (ii) the ALJ failed to consider the side effects of Plaintiff's pain medications.  *Id.*  Plaintiff's argument fails.

#### i.  The ALJ's RFC assessment was supported by substantial evidence.

Plaintiff sets forth several reasons why she believes the ALJ's RFC assessment lacked substantial evidence to determine Plaintiff was capable of "light work."  First,

Plaintiff argues that the ALJ was required to consider evidence from a physician to support her RFC assessment. *Id*. at 6. Further, Plaintiff asserts that the ALJ had "a duty to recontact [Plaintiff's] treating physicians, order a physical consultative exam, or order a medical expert to review her file which would provide such information." *Id*. at 8.

In assessing a claimant's RFC, there is no requirement that the ALJ's determination be equivalent to, or supported by, the opinion of a physician. *Daniels v. Astrue*, No. 2:11-cv-371, 2012 WL 353756, at * 4 (M.D. Ala. Feb. 2, 2012). Because an ALJ's RFC is not a medical assessment, the law requires only that the determination be "based on all relevant evidence in [the claimant's] case record." *See* 20 C.F.R. § 404.1545(a)(1). Thus, developing a full and fair record does not include requiring an ALJ to secure a medical source opinion regarding a claimant's RFC. *See* 20 C.F.R. §404.1546(c); *see also Langley v. Astrue*, 777 F. Supp. 2d 1250, 1261 (N.D. Ala. 2011) (holding that "[t]he failure to include [an RFC assessment from a medical source] at the State agency level does not render the ALJ's RFC assessment invalid").

Similarly, there is no requirement that the ALJ recontact a claimant's treating physician, order a physical consultative exam, or order a medical expert to review a claimant's file. Indeed, if the evidence in the record is sufficient to allow for an informed decision, the ALJ has no duty to seek additional information outside of the record. *Robinson v. Astrue,* 365 F. App'x. 993, 999 (11th Cir. 2001) (holding that the ALJ did not err by not requesting an additional consultative examination or recontacting

claimant's treating physician because there was substantial evidence in the record for the ALJ to determine claimant's RFC). Even if evidence before the ALJ is insufficient or inconsistent, the decision to contact outside sources is at the discretion of the ALJ. S*ee* 20 C.F.R. § 4041520b(c)(1) (stating that if evidence is insufficient or inconsistent for an ALJ to render a decision, the ALJ *may* recontact the treating physician); 20 C.F.R. § 404.1520b(C)(3) (stating that an ALJ *may* ask a claimant to undergo a consultative exam if evidence is insufficient or inconsistent).

Here, the ALJ considered substantial evidence when determining Plaintiff's RFC. The ALJ considered Plaintiff's testimony[6] – which was elicited by questions from the ALJ and from Plaintiff's own attorney – as well as hundreds of pages of Plaintiff's medical records dating back to 2006. In a four-page discussion, the ALJ set forth the bases for her RFC determination. The ALJ noted that "there are no treating medical source opinions regarding the nature and severity of the [Plaintiff's] diagnosed impairments and the record has not contained any inconsistent or contrary opinions from treating or examining sources in regard to the degree of physical limitations." Tr. at 40. As such, the ALJ's RFC determination was supported by substantial, consistent evidence, and the ALJ had no duty to further develop the record by seeking outside opinions or by ordering additional examinations.

### ii. The ALJ was not required to consider the possible side effects of Plaintiff's medications.

---

[6] Although the ALJ discredited some of Plaintiff's testimony, the ALJ explained in detail why she did so.

Plaintiff asserts that the ALJ was required to elicit testimony regarding the effects of Plaintiff's prescribed medications. Plaintiff cites *Doss v. Barnhart*, 247 F. Supp. 2d 1254 (N.D. Ala. 2003), for support. While that court determined that the ALJ failed to take into consideration the side effects of the claimant's medication, the court importantly noted that the claimant's medications were known to cause the side effects *of which the claimant complained were disabling*. *Id*. at 1256-57, 59 ("Plaintiff testified that she suffers with tiredness and dizziness, and she is short of breath. … Her complaints are consistent with contraindications of [her] medication. … The court takes judicial notice that [plaintiff's medications] cause the side effects of which plaintiff complains…"). In contrast, when a claimant fails to assert that the side effects of her medications contributed to her disability, the ALJ need not inquire further. *Cherry v. Heckler*, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985) (determining that the ALJ need not inquire into the side effects of a claimant's medications where the claimant was represented at the hearing, and did not assert that side effects from her medications contributed to her disability.)

Here, Plaintiff asserts on appeal that her medications are known to cause drowsiness, tiredness, and difficulty concentrating. Pl.'s Br. (Doc. 12) at 9. Accepting *arguendo* that Plaintiff is experiencing these side effects due to her medications, Plaintiff did not complain of these side effects as her basis for disability. Further, Plaintiff offered no testimony before the ALJ that the alleged side effects impeded her ability to function

11

or to work in society. Indeed, the only reference to such a side effect was Plaintiff's testimony that she sometimes took a nap to relieve back pain and take pressure off of her legs. Tr. at 60. Therefore, because Plaintiff did not assert that the side effects from her medicine contributed to her disability, the ALJ had no duty to develop the record further.

## II. The ALJ Properly Applied the Pain Standard.

Plaintiff argues that the Commissioner's decision should be reversed because the ALJ did not properly apply the pain standard. Again, Plaintiff's argument fails.

A three-part "pain standard" applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard requires (1) evidence of an underlying medical condition, and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Id.; see also Kelley v. Apfel,* 185 F.3d 1211, 1215 (11th Cir. 1999); *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991).

A reversal is warranted if the ALJ's decision contains no evidence of the proper application of the three-part standard. *Brown v. Sullivan,* 921 F.2d 1233, 1236 (11th Cir. 1991); *see also Holt,* 921 F.2d at 1223 (stating that the ALJ does not have to recite the pain standard word for word; rather, the ALJ must make findings that indicate that the standard was applied). In addition, if the ALJ chooses to discredit the subjective

12

testimony of a claimant's pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005).

Here, the ALJ's decision shows that the pain standard was applied, and the ALJ clearly articulated reasons for discrediting Plaintiff's allegations of the severity of her symptoms. First, the ALJ determined, based on the evidence, that Plaintiff had several underlying medical conditions including hypertension, diabetes mellitus, history of carcinoma of the breast with edema, low back pain, obesity and myalgias. Tr. at 34. Second, after reviewing Plaintiff's medical records, the ALJ determined that Plaintiff's conditions could be expected to cause Plaintiff some functional limitations, but not to the level of symptomatology and functional limitation alleged. *Id*. at 40.

In support of her decision, the ALJ noted that "[t]he claimant's credibility regarding the severity, frequency, and duration of her alleged symptomatology is undermined by the fact that physical examinations have failed to document persistently abnormal clinical findings." *Id*. Further, the ALJ noted that "[w]ith respect to [Plaintiff's] alleged upper and lower back pain and muscle spasms, the record shows that the claimant was referred only to physical therapy for additional treatment" and that "[t]here is no evidence that she has been referred to or evaluated by a specialist." *Id*. at 41. The ALJ also stated that, after reviewing the records, there was no objective medical evidence establishing the existence of a physical impairment capable of causing pain of

13

such severity as to require Plaintiff to recline or rest as she has alleged. *Id*. Finally, the ALJ stated that Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible "in light of her own description of her wide range of daily activities," including washing dishes, doing laundry, driving, cooking, caring for her personal needs without assistance, and completing household chores. *Id*. at 43.

In sum, the ALJ properly applied the pain standard by considering evidence of Plaintiff's underlying medical conditions and by reviewing objective medical evidence indicating that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms. In her review, the ALJ discredited Plaintiff's statements concerning the intensity, persistence, and limiting effects of her disability symptoms, and articulated adequate reasons for her credibility determination. As such, the ALJ properly applied the pain standard.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 16th day of February, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE